IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JO ANN MURPHY,

        Plaintiff

v.                                             CIV 09-0279 KBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Jo Ann Murphy's motion requesting that this Court reverse the Commissioner's decision denying her disability benefits, or, in the alternative, reverse and remand the case for a rehearing. *See Docs. 14-2, 16.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 4, 8.* The entire record has been meticulously reviewed. *See, e.g., Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). For the reasons below, I find that substantial evidence supports the Administrative Law Judge's ("ALJ") findings and that the correct legal standards were applied.

## Background

Plaintiff has a master's degree in educational administration and, for the majority of her career, has worked for Lovington Public Schools. *See Administrative Record (Record)* at 23-24, 91-92. In June of 2001, Plaintiff retired and has not worked since. *Id.* Plaintiff asserts that she suffers from chronic asthma and that she first became unable to work on September 1, 2004. *See*

*Record* at 24, 91, 97.  Plaintiff began receiving monthly retirement benefits in November 2006.
*Id.* at 35.

On September 11, 2006, Plaintiff filed her application for Disability Insurance Benefits
("DIB") alleging a September 1, 2004 onset of disability due to chronic asthma.  *See id.* at 39, 86;
*see also Doc. 14-2* at 1.  On November 1, 2006, her application was denied.  On November 14,
2006, Plaintiff filed a request for reconsideration, which was denied on December 22, 2006.  On
December 29, 2006, Plaintiff requested a hearing before an ALJ.

On June 24, 2008, Plaintiff appeared, unrepresented, at the hearing in Roswell, New
Mexico before ALJ Mary Ann Lunderman.  *See Record* at 20.  ALJ Lunderman informed Plaintiff
of her right to representation.  *Id.*  Plaintiff acknowledged her right and informed the ALJ of her
desire to proceed *pro se*.  *Id.*

On December 4, 2008, the ALJ issued an unfavorable decision denying Plaintiff DIB.
The ALJ concluded at step two of the sequential evaluation process used to analyze disability
claims that through December 31, 2006, the date last insured ("DLI"), Ms. Murphy did not have
an impairment or combination of impairments that significantly limited her ability to do basic
work-related activities and therefore, she did not have a severe impairment or combination of
impairments.  *See Record* at 13-15.  In reaching her conclusion, the ALJ stated that Plaintiff's
asthma "has been controlled with medication and there are no significant exertional limitations
reflected in her medical records."  *Id.* at 14.  The ALJ held that "absent objective medical
evidence, the claimant's symptoms alone cannot establish the existence of a medically
determinable physical or mental impairment."  *Id.*  Furthermore, she considered the opinion
evidence of Dr. Smith, Plaintiff's treating physician, but gave his opinion little weight, stating

that "[t]he course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported.  His opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive."  *Id.* at 15.  The ALJ further relied on the opinions of the State agency medical consultants who determined that the claimant's alleged impairment does not pose any significant exertional limitations and is not considered severe.  *Id.*

On January 8, 2009, Plaintiff timely appealed the ALJ's decision.  The Appeals Council denied review of ALJ Lunderman's decision on January 23, 2009, thereby making her decision final.  *See Record* at 1; *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) ("Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.").

## Standard of Review

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and Plaintiff is not entitled to relief.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  A deficiency in either area is independent grounds for relief.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).  "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting *Grogan*, 399 F.3d at 1261-62).  I can neither reweigh the evidence nor substitute my judgment for that of the agency.  *Hamlin*, 365 F.3d at 1214; *see also Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  Thus,

> "The possibility of drawing two inconsistent conclusions from the
> evidence does not prevent an administrative agency's findings from
> being supported by substantial evidence." . . . We may not
> "displace the agenc[y's] choice between two fairly conflicting
> views, even though the court would justifiably have made a
> different choice had the matter been before it de novo."

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195,

1200 (10th Cir. 2004)).

## The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental

impairment expected to result in death or last for a continuous period of twelve months which

prevents the claimant from engaging in substantial gainful activity." *Thompson v. Sullivan*, 987

F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423 (d)(1)(A)).  The Social Security

Administration ("SSA") employs a "five-step sequential evaluation process to determine

disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  "If at any step in the process the

Secretary determines that the claimant is disabled or is not disabled, the evaluation ends."

*Thompson*, 987 F.2d at 1486.

At step one of the process, the claimant must show that she is not working at a

substantial gainful activity.  *See* 20 C.F.R. § 404.1520(b).  At step two, the claimant must show

that she has a severe medically determinable physical or mental impairment or combination of

impairments which significantly limit her ability to do basic work activities.  *See* 20 C.F.R. §

404.1520(c).  At step three, the claimant must show that she has an impairment that meets or

equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that it

meets the duration requirement.  *See* 20 C.F.R. §§ 1520(d), 404.1525, and 404.1526.  If the

claimant has an impairment that meets or equals one of the listed impairments and the duration

requirement, she will be found disabled.  If not, the analysis proceeds to step four.  At step four,

the ALJ must assess and determine the claimants residual functional capacity ("RFC") and

consider, in light of this RFC, whether the claimant can still do her past relevant work.  *See* 20

C.F.R. § 404.1520(e).  At the fifth and final step, the burden shifts to the Commissioner who

must show that the claimant is capable of performing "an alternative job that is available in the

national economy in light of the claimant's age, education, and work experience."  *Madron v.*

*Astrue*, 311 F. App'x 170, 175 (10th Cir. 2009) (citing *Williams v. Bowen*, 844 F.2d 748, 751

(10th Cir. 1988)).

## Analysis

Plaintiff asserts that the ALJ erred by failing to adequately develop the record.  More

specifically, she asserts that the ALJ was required to obtain the evidence of her three-day hospital

stay in February 2007.  It is undisputed that the ALJ did not discuss the 2007 hospital stay at the

hearing or in the ALJ's written decision.  The ALJ focuses on evidence almost solely within the

insured window.  Plaintiff does not claim that the record was inadequately developed prior to her

DLI.  The question, then, is whether failing to discuss evidence in the record that relates to

Plaintiff's condition after her DLI is legal error.  *See Bigpond v. Astrue*, 280 F. App'x 716, 717

(10th Cir. 2008).  Said another way, was the ALJ, in determining disability, required to consider

evidence in the record that post-dates Plaintiff's DLI?

"An ALJ has the duty to develop the record by obtaining pertinent, available medical

records which come to [her] attention during the course of the hearing."  *Carter v. Chater*, 73

F.3d 1019, 1022 (10th Cir. 1996).  However, "[t]he ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (citing *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994)).  "The standard is one of reasonable good judgment.  The duty to develop the record is limited to 'fully and fairly develop[ing] the record as to material issues.'" *Hawkins*, 113 F.3d at 1168 (quoting *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993)).

Plaintiff's application is for DIB.  When a claimant seeks DIB, she must establish disability while in insured status.  *McQuestion v. Astrue*, 629 F. Supp. 2d 887, 892 (E.D. Wis. 2009) (citations omitted); *see also Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1347-49 (10th Cir. 1990).  Plaintiff alleges that her disability began on September 1, 2004.  Plaintiff's earning record shows that she acquired sufficient quarters of coverage to remain insured through December 31, 2006.  Thus, to qualify for DIB, Ms. Murphy must show that she was disabled between September 1, 2004 and December 31, 2006.  *See Blea v. Barnhart*, 466 F.3d 903, 909 (10th Cir. 2006) (citing 42 U.S.C. § 423(c)).

When determining whether a claimant qualifies for DIB, an ALJ has a duty to develop the claimant's medical history for at least the twelve-months prior to the date the claimant filed her application for DIB.[1]  In this case, Plaintiff filed her application for DIB on September 11, 2006.  However, if the claimant's DLI is past the date in which she filed for benefits, the ALJ should develop the claimant's medical history for the twelve-months prior to the DLI.  In this

---

[1] *See Breedlove v. Callahan*, No. 97-7024, 1997 WL 572145, at *1 (10th Cir. September 8, 1997); *see* 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d) & 416.912(d) (The ALJ's duty to develop the record "includes the requirement that the ALJ develop a complete medical record by obtaining medical evidence for at least the twelve months prior to the date the claimant filed the application for benefits.")

case, Plaintiff's DLI is December 31, 2006.

>    (d) Our responsibility.  Before we make a determination that you
>    are not disabled, **we will develop your complete medical history
>    for at least the 12 months preceding the month in which you
>    file your application** unless there is a reason to believe that
>    development of an earlier period is necessary or unless you say that
>    your disability began less than 12 months before you filed your
>    application.  We will make every reasonable effort to help you get
>    medical reports from your own medical sources when you give us
>    permission to request the reports.
>
>                            * * * *
>
>    (2) By "complete medical history," **we mean the records of
>    your medical source(s) covering at least the 12 months
>    preceding the month in which you file your application.**  If you
>    say that your disability began less than 12 months before you filed
>    your application, we will develop your complete medical history
>    beginning with the month you say your disability began unless we
>    have reason to believe your disability began earlier.  **If applicable,
>    we will develop your complete medical history for the
>    12–month period prior to (1) the month you were last insured
>    for disability insurance benefits**[.]

20 C.F.R. § 404.1512 (emphasis added).  Here, the ALJ developed the record with regards to

Plaintiff's medical history for the period dating September 1, 2004 through December 31, 2006,

which includes the required twelve-month period prior to her DLI.

Plaintiff's 2007 hospital admittance and the corresponding records, clearly post-date her

DLI.

>    "Evidence of disability obtained after the expiration of insured
>    status is generally of little probative value."  *Strong v. Soc. Sec.
>    Admin.*, 88 Fed. Appx. 841, 846 (6th Cir. 2004).  Record medical
>    evidence from after a claimant's date last insured is only relevant
>    to a disability determination where the evidence relates back to the
>    claimant's limitations prior to the date last insured.

*Abney v. Astrue*, No. 5:07CV394(KKC), 2008 WL 2074011, at *6 (E.D. Ky. May 13, 2008)

(citations omitted).  "It is also apparent that post-date last insured evidence, to the extent that it

relates back, is relevant only if it is reflective of a claimant's limitations prior to the date last insured, rather than merely his impairments or condition prior to this date." *Id.* (citing 20 C.F.R. § 416.945(a)(1)).

Plaintiff does not show that the February 2007 medical records relate back to the state of Plaintiff's condition prior to her DLI. Nor does Plaintiff in any way prove that she was actually disabled prior to December 31, 2006, the date that her insured status expired. *See Bigpond*, 280 F. App'x at 718. Even if the ALJ looked at the 2007 hospital records, they do not show that Plaintiff was disabled prior to her DLI. Plaintiff's medical records dated prior to the expiration of her insured status show that she has a condition that was chronic yet managed before her DLI. The 2007 hospital records are evidence that her condition became acute not because of the chronic condition but because of an extreme and unusual circumstance - being out in the cold and catching pneumonia. This in turn manifested itself as having consequences for her asthma. "'[T]he relevant analysis is whether the claimant was actually disabled prior to the expiration of her insured status. A retrospective diagnosis without evidence of actual disability is insufficient. This is especially true where the disease is progressive.'" *McKinney v. Barnhart*, 62 F. App'x 284, 285-86 (10th Cir. 2003) (quoting *Potter*, 905 F.2d at 1348-49).

As stated *supra*, an ALJ's duty is to develop the record with regard to **material** issues. (emphasis added). The ALJ did not commit reversible error by not considering and or developing the record with medical evidence that falls outside of the insured window and that does not relate back to Plaintiff's condition during the period she was insured. The post-dated February 2007 medical records are irrelevant to the issue of Plaintiff's disability prior to the expiration of her insured status. "The ALJ was not required to provide grounds in the decision

8

for failing to do what was not required." *Bigpond*, 280 F. App'x at 719 n.2.  As such, the ALJ did

not commit any legal error in disregarding the medical records from the February 2007 hospital

stay.  *Cf. Grogan*, 399 F.3d at 1262 (Plaintiff argues that the ALJ erred by not finding his

condition severe before the insurance window closed.  Argument fails because the evidence

Plaintiff cites to appeared after the window in which he was insured.)  Even if the ALJ did err,

the 2007 hospital records are now part of the record on appeal for this Court to evaluate whether

there was substantial evidence for the ALJ's decision.  Having considered these records, the

Court finds that the decision of the ALJ would not have changed.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion is denied, and the decision of the

Commissioner is affirmed.  A final order will be entered concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.